Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| QUALITY GLAZING CONTRACTORS, INC. Y OTROS<br><br>DEMANDANTE- RECURRIDOS<br><br>V.<br><br>ELMER FIGUEROA ARCE Y OTROS<br><br>DEMANDADOS<br><br>**QUALCON GENERAL CONTRACTOR, INC.**<br><br>DEMANDADO-PETICIONARIO | TA2026CE00116 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>CIVIL NÚM.: GR2024CV00221 Consolidado CG2024CV02795<br><br>SOBRE: ARRENDAMIENTO DE OBRAS Y OTROS |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece ante nos, Qualcon General Contractor Inc., (en adelante, "Qualcon"). Solicita nuestra intervención para que dejemos sin efecto la *"Orden"* emitida el 22 de diciembre de 2025 y notificada el 29 del mismo mes y año por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante esta, el foro recurrido dio por admitidos los requerimientos de admisiones cursados a Qualcon y su representante, el señor Carlos Lebrón Gómez ("señor Lebrón"). Todo, dentro de dos pleitos consolidados, cuya parte aquí recurrida se compone del señor Elmer Figueroa Arce ("señor Figueroa"), su esposa Marina Elizabeth Maronesse ("señora Maronesse") y la Sociedad Legal de Bienes Gananciales compuesta por ambos, (en lo sucesivo, en conjunto, "los recurridos").

Por los fundamentos que expondremos a continuación, *expedimos* el recurso de *certiorari* presentado y con ello *revocamos* la *"Orden"* objeto de revisión. A su vez, devolvemos este caso al foro primario para que examine la suficiencia de las contestaciones y objeciones del requerimiento de

admisiones cursado, de conformidad a la Regla 33(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 33. Así, determine cuáles contestaciones y objeciones carecen de la suficiencia requerida y en consecuencia ordene su admisión o contestación enmendada.

I.

El asunto ante nuestra consideración tiene su origen en las reclamaciones entabladas en los casos de designación alfanumérica GR2024CV00221 y CG2024CV02795. Estos casos fueron consolidados por el foro primario el día 25 de febrero de 2025. A continuación, exponemos el tracto procesal pertinente al asunto que está hoy ante nuestra consideración.

La controversia de los casos consolidados tiene por objeto un contrato de obra pactado por las partes en litigio. A través de este, el señor Figueroa y la señora Maronesse contrataron los servicios de Quality Glazing Contractor Inc. ("Quality"), Qualcon y otros codemandados, a los fines de remodelar y expandir las estructuras de su bien inmueble sito en el Municipio de Gurabo. La obra por realizar se denominó el proyecto "La Loma." Sin embargo, mediante el caso GR2024CV00221, Quality demandó al señor Figueroa por incumplimiento contractual. Esta Corporación argumentó que el señor Figueroa le impidió culminar la obra comenzada y a su vez le requirió que removiera las puertas y ventanas que se habían instalado. Por su parte, los recurridos instaron *"Demanda"* en el caso CG2024CV02795. En su causa de acción incluyeron como partes demandadas a Quality y a Qualcon. Sostuvieron, que las referidas partes incurrieron en incumplimiento contractual al realizar un trabajo de remodelación defectuoso e incompleto.

Así las cosas, el 23 de octubre de 2024, Qualcon presentó alegación responsiva para la reclamación entablada en su contra. En síntesis, alegó que cumplió con sus obligaciones contractuales y que hubo interferencia y paralización de la obra por parte del señor Figueroa.

Tras comenzar el descubrimiento de prueba, el 19 de agosto de 2025, el señor Figueroa presentó *"Moción Informativa."* Mediante esta, indicó que el 18 del mismo mes y año envió un requerimiento de admisiones al señor

Lebrón y otro a Qualcon. Acto seguido, el 29 de septiembre de 2025, el señor Figueroa presentó una nueva *"Moción Informativa."* En esta expresó, que le remitió una misiva a Qualcon a los efectos de darle seguimiento al requerimiento cursado. Además, comunicó que le concedió a dicha parte un plazo a culminar el 7 de octubre de 2025 para que entregara el referido requerimiento de admisiones.

Ante ello, el 10 de octubre de 2025, Qualcon presentó *"Moción al Expediente Judicial."* Entre otras cosas, expuso que aún no había podido completar el requerimiento de admisiones cursado. Posteriormente, el 7 de noviembre de 2025, el señor Figueroa informó al foro primario que el señor Lebrón y Qualcon cursaron sus contestaciones al requerimiento de admisiones los días 22 y 23 de octubre de 2025, respectivamente. No obstante, aseveró que les envió una misiva a las aludidas partes mediante la cual les indicó sus objeciones a las contestaciones dadas.

Posteriormente, el 22 de diciembre de 2025, el señor Figueroa presentó *"Moción Solicitando Orden para que se Responda Requerimiento de Admisiones o se den por Admitidos, y se Impongan Honorarios de Abogado."* Argumentó, que el señor Lebrón y Qualcon les remitieron sus contestaciones a los requerimientos de admisiones cursados luego de sesenta y cinco (65) y sesenta y seis (66) días de estos haberse notificado. De igual forma, arguyó que habían trascurrido cuarenta y uno (41) días de haberle enviado a dichas partes sus objeciones sin que éstas hayan expresado su posición sobre las mismas. A su vez, indicó que había realizado esfuerzos razonables para obtener una contestación de parte de los referidos codemandados. No obstante, sostuvo que dichos esfuerzos habían resultado infructuosos a pesar de reiterarles a los codemandados que expresaran su posición a las objeciones cursadas. Así pues, peticionó al foro primario que le ordenara al señor Lebrón y a Qualcon que emitan unas contestaciones enmendadas, según las objeciones presentadas. En la alternativa, solicitó que se den por admitidos los requerimientos de admisiones en controversia.

En atención a la moción antes presentada, el 29 de diciembre de 2025, el foro primario notificó la *"Orden"* que hoy nos ocupa. Mediante esta, dio por admitidos los requerimientos de admisiones cursados al señor Lebrón y a Qualcon.

En desacuerdo, oportunamente el 9 de enero de 2026, Qualcon presentó *"Moción de Reconsideración, Oposición a Moción y Moción para que se Ordene Contestar."* En suma, aseveró que dar por admitido el requerimiento de admisiones cursado constituye una sanción severa cuando el mismo fue contestado y únicamente se objetaron solo algunas respuestas. A su vez, esgrimió que las dilaciones al descubrimiento de prueba en realidad han sido promovidas por el señor Figueroa.

En la misma fecha, el foro recurrido notificó una *"Orden"* mediante la cual declaró *No Ha Lugar* el petitorio de reconsideración. Razonó, que "la regla 33 de procedimiento civil es clara en el término que el mismo debe ser contestado."

Por su parte, el 13 de enero de 2026, el señor Lebrón presentó *"Moción de Reconsideración y Solicitud de Orden Protectora."* En apretada síntesis, manifestó que contestó de forma adecuada el requerimiento de admisiones cursado a su persona. Además, indicó que las partes intentaron infructuosamente coordinar una reunión para discutir las objeciones presentadas por los recurridos. Alegó, que esta no se terminó de concretar por las exigencias de la representación legal de los recurridos de requerirle respuestas escritas a las objeciones presentadas. De otra parte, adujo que la *"Orden"* recurrida fue dictada sin requerirle su posición.

Al siguiente día, el foro primario le concedió a los recurridos un término de diez (10) días "para mostrar causa por lo que no debamos dejar sin efecto la Orden de 22 de diciembre de 2025, la cual dio por admitidos los requerimientos de admisiones de Carlos Lebr[ó]n G[ó]mez y Qualcon General Contractor, Inc."

El 26 de enero de 2026, el señor Figueroa presentó *"Réplica a Solicitud de Reconsideración y Oposición a Solicitud de Orden Protectora."*

Expuso, que el señor Lebrón se niega a contestar las objeciones planteadas sobre sus respuestas al requerimiento de admisiones. Adujo, que en "la medida que las contestaciones a los requerimientos no contengan una explicación o una objeción fundamentada las contestaciones así esgrimidas son objetables."

Acto seguido, el 28 de enero de 2026, el foro primario notificó una nueva *"Orden."* Mediante esta, esbozó las siguientes expresiones: "El tribunal se reitera en su determinación previa. Los requerimientos de admisiones se dieron por admitidos."

En desacuerdo, oportunamente el 30 de enero de 2026, Qualcon presentó un recurso de *certiorari* ante este Tribunal. Mediante este, esbozó el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al dar por admitido un requerimiento de admisiones que fue contestado y al no haber seguido el procedimiento establecido para resolver controversias de descubrimiento de prueba, el cual comienza con órdenes para contestar, continúa con sanciones de menor envergadura y solo escala a sanciones de mayor envergadura en circunstancias excepcionales, según resuelto por el Tribunal Supremo de Puerto Rico en Rivera Gómez v. Arcos Dorados, 2023 DTS 65.

El 3 de febrero de 2026 este Tribunal emitió y notificó una *"Resolución"* mediante la cual se le concedió a los recurridos el término reglamentario de diez (10) días para presentar su alegato en oposición.

En cumplimiento de ello, el 13 de febrero de 2026, los recurridos presentaron *"Oposición a Expedición de Auto de Certiorari."*

Con el beneficio de la comparecencia de las partes, procedemos a esbozar el marco jurídico aplicable al presente recurso.

**II.**

**A.      Recurso de Certiorari:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión postsentencia de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec.

3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

> **A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> **B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> **C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd*. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.    Requerimiento de Admisiones:**

La Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, regula lo concerniente al requerimiento de admisiones. En su parte pertinente, la norma procesal establece lo que sigue:

(a) Requerimiento de admisión. — A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, **que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento.** Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que hayan sido entregadas o suministradas para inspección y copia. El requerimiento podrá notificarse, sin el permiso del tribunal, a la parte demandante luego de comenzado el pleito y a cualquier otra parte luego de haber transcurrido el término de los treinta (30) días siguientes a la fecha de su emplazamiento. Si la parte demandada inicia cualquier tipo de descubrimiento dentro del referido plazo, dicha limitación no será de aplicación. (Énfasis suplido).

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento, debiéndose en este caso apercibirle en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. La contestación deberá negar específicamente la materia o exponer en detalle las razones por las cuales la parte a quien se le requiere la admisión no puede admitir o negar lo requerido. Toda negación deberá responder cabalmente a la sustancia de la admisión requerida, y cuando la buena fe exija que una parte cualifique su contestación o niegue solamente una parte de lo requerido, deberá especificarse lo que sea cierto y negarse solamente el resto. Una parte a quien se le requiere una admisión no podrá aducir como razón para así no hacerlo la falta de información o de conocimiento, a menos que demuestre que ha hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es insuficiente para admitir o negar. Una parte no podrá objetar el requerimiento basándose únicamente en que la materia requerida presenta una controversia justiciable; podrá, sujeto a lo dispuesto en la Regla 34.4, negar lo requerido o exponer las razones por las cuales no puede admitir o negar.

**La parte que ha requerido las admisiones podrá, mediante una moción, cuestionar la suficiencia de las contestaciones u objeciones. A menos que el tribunal determine que una objeción está justificada, ordenará que se conteste lo requerido. Si el tribunal determina que una contestación no cumple con los requisitos de esta regla, podrá ordenar que se dé por admitido lo requerido o que se notifique una contestación enmendada.** El tribunal podrá, en su lugar, determinar que se dispondrá finalmente del requerimiento en una conferencia con antelación al juicio o en una fecha señalada antes del juicio. Las disposiciones de la Regla 34.2(c) son de aplicación a la imposición de gastos en que se incurra con relación a la moción. (Énfasis suplido).

[…]

El requerimiento de admisiones no es propiamente un mecanismo de descubrimiento de prueba. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997). Sin embargo, según comenta el tratadista Cuevas Segarra, es una herramienta sencilla y económica, "de excepcional utilidad en la práctica contenciosa". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1000. La norma procesal autoriza a una parte a requerirle a otra que admita la veracidad de cualquier materia que se relacione con cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos, así como la autenticidad de cualquier documento que se acompañe con el requerimiento. *Id.* Este instrumento "persigue el propósito de aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 571.

El interpelado tiene un deber afirmativo de responder y efectuar las gestiones necesarias para obtener la información para admitir o negar. *Informe de Reglas de Procedimiento Civil*, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico (marzo 2008), pág. 363; *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171-172 (2007). De incumplir con el término reglamentario, las cuestiones sobre las cuales se solicitó la admisión se tendrán por admitidas automáticamente. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 573. En este sentido, la Regla en cuestión no requiere que el tribunal emita una orden a esos efectos. *Íd.*

Nuestro Tribunal Supremo ha expresado que con esta norma se busca evitar que una parte, mediante actuaciones que demuestren dejadez y desidia, dilate los procedimientos judiciales. *Rivera Prudencio v. Mun. de San Juan*, supra, pág. 174. A pesar de lo anteriormente expuesto, en los casos apropiados, el tribunal debe de ser flexible en su interpretación y "[d]ebe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello". (Énfasis suplido). *Audiovisual Lang. v. Sist. Est. Natal*

*Hnos.*, *supra,* págs. 573-574. Además, si bien nuestro más alto Foro ha expresado que las disposiciones de la Regla 33, *supra* son mandatorias, "al igual que ocurre con cualquier otra regla procesal, al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial". *Íd.*, págs. 574-575.

**III.**

Qualcon plantea que el foro primario incidió al dar por admitido la totalidad del requerimiento de admisiones cursado a la Corporación, a pesar de que muchas de las materias contenidas en el requerimiento fueron contestadas y no objetadas por los recurridos. Sostiene, además, que es deber del tribunal de instancia dirimir si procede una objeción al requerimiento o a su contestación, antes de dar por admitido todo lo requerido.

Por su parte, los recurridos reiteran que Qualcon persiste en no contestar el requerimiento de admisiones de la forma en que lo requiere la Regla 33 de Procedimiento Civil, *supra.* Cónsono con ello, aseveran que Qualcon se negó a contestar por escrito las objeciones que ellos levantaron luego de que la referida Corporación ofreciera respuesta al requerimiento cursado. Entienden, que la negativa de Qualcon a proveer contestaciones adecuadas a dicho requerimiento tuvo como resultado que el foro primario admitiera las materias del requerimiento que fueron objetadas. Ante los argumentos señalados, los recurridos nos solicitan que no expidamos el auto de *certiorari* presentado.

Tras una evaluación minuciosa del tracto procesal del caso, del dictamen recurrido y de los argumentos de las partes, concluimos *expedir* el recurso de epígrafe y con ello *revocar* la decisión que hoy se revisa. A su vez, devolvemos el presente caso al foro primario para que de conformidad a la Regla 33(a) de Procedimiento Civil, *supra,* examine las contestaciones y objeciones provistas por Qualcon al requerimiento de admisiones cursado por los recurridos.

Según expuesto, durante el proceso de descubrimiento de prueba una parte puede requerirle a otra que admita o niegue la veracidad de un hecho o la aplicación de ley a los hechos. Esto permite definir y limitar las controversias del caso. La parte que reciba un requerimiento de admisiones deberá examinar cada materia por separado y exponer si la admite, la niega o la objeta. La Regla 33 de Procedimiento Civil, *supra*, establece que las negaciones deberán ser específicas y en los casos en que no se admita o niegue la materia, la parte requerida deberá exponer en detalle las razones por las cuales no puede admitir o negar lo requerido. Por otro lado, la parte que promueve el requerimiento de admisiones tiene la facultad de cuestionar la suficiencia de las respuestas u objeciones planteadas por la parte a la cual se le ha cursado un requerimiento.

Es importante señalar, que la Regla 33 de Procedimiento Civil, *supra*, establece que el tribunal deberá determinar si una objeción está o no justificada. Luego de este examen los tribunales de instancia pueden decidir dar por admitido lo requerido; ordenar a la parte a la que se le ha cursado un requerimiento que notifique una contestación enmendada; o disponer finalmente del requerimiento durante la celebración de una vista previa a la ocurrencia del juicio.

En el caso ante nuestra consideración, los recurridos cursaron un requerimiento de admisiones para Qualcon y otro para su representante, el señor Lebrón. Tras demorarse en proveer las contestaciones requeridas, Qualcon y el señor Lebrón enviaron sus respuestas a los recurridos. Sin embargo, los recurridos objetaron algunas de las contestaciones provistas por Qualcon y el señor Lebrón. Estos últimos nunca notificaron sus posturas con relación a las objeciones planteadas por los recurridos. Así pues, los recurridos solicitaron la intervención del foro primario y peticionaron que se les ordenara a Qualcon y al señor Lebrón notificar contestaciones enmendadas para los requerimientos cursados. En la alternativa, solicitaron que se dieran por admitidos los requerimientos de admisiones en cuestión.

Acto seguido, el tribunal de instancia dio por admitidos los requerimientos cursados sin evaluar los fundamentos de las materias objetadas y sin examinar la especificidad de las premisas expresamente negadas por Qualcon y el señor Lebrón. Es decir, el foro primario omitió dirimir la suficiencia de las respuestas entregadas. Tras la presentación de dos (2) mociones de reconsideración, el foro recurrido reafirmó su determinación de dar por admitidos los referidos requerimientos. Nuevamente, el tribunal de instancia no pasó juicio sobre la suficiencia de las contestaciones notificadas por Qualcon y el señor Lebrón, sino que dio íntegramente por admitidos los requerimientos de admisiones.

Nótese, que el asunto en disputa no trata de unos requerimientos de admisiones que no fueron contestados por las partes promovidas. Por el contrario, la presente controversia versa sobre unos requerimientos que sí fueron contestados u objetados por las referidas partes. Empero, dichas respuestas u objeciones fueron también objetadas por los recurridos sin que sus réplicas hayan sido contestadas.

Ante este escenario, el tribunal de instancia tenía el deber de realizar el examen contemplado en la Regla 33(a) de Procedimiento Civil, *supra*, al momento en que los recurridos presentaron ante su atención el asunto relativo a que Qualcon no contestó las objeciones notificadas. Entiéndase por esto, que el foro primario debía evaluar la suficiencia de las contestaciones y objeciones expresadas por Qualcon, según los cuestionamientos esgrimidos por los recurridos. Tras dilucidar lo anterior, entonces el foro primario puede dar por admitida la premisa cuya contestación no cumpla con la precitada Regla 33 de Procedimiento Civil, *supra,* o en la alternativa, solicitar a la parte promovida que notifique contestaciones enmendadas.

Este ejercicio analítico que se debe efectuar previo a ordenar, si es que procede, la admisión de todas o algunas de las materias requeridas, es de especial importancia para evitar la admisión de hechos u opiniones que

no hayan sido admitidos expresamente por la parte promovida. Ante ello, se evita trastocar los lineamientos de la justicia.

En este caso, el tribunal de instancia determinó dar por admitidos la totalidad de los requerimientos cursados sin evaluar la suficiencia de las contestaciones y objeciones esbozadas. Conforme hemos reseñado, la Regla 33(a) de Procedimiento Civil, *supra*, requiere que el tribunal pase juicio sobre las contestaciones y objeciones antes de proceder a ordenar su admisión. Es por ello, que al amparo de la autoridad discrecional que nos confiere la Regla 40 del Tribunal de Apelaciones, *supra*, concluimos expedir el auto de *certiorari* de epígrafe y con ello revocamos el dictamen recurrido. Esto, puesto que, erró el foro primario al dar por admitido la totalidad de lo requerido sin cumplir con el procedimiento de evaluación provisto por la Regla 33(a) de Procedimiento Civil, *supra.* Además, devolvemos el presente caso para que el foro primario examine las contestaciones y objeciones de los requerimientos en controversia y posterior a ello decida cuáles respuestas son suficientes y cuales ameritan que se ordene su admisión o contestación enmendada.

## IV.

Por los fundamentos que anteceden, *expedimos* el recurso de *certiorari* presentado y con ello *revocamos* la *"Orden"* objeto de revisión. A su vez, devolvemos este caso al foro primario para que examine la suficiencia de las contestaciones y objeciones del requerimiento de admisiones cursado, de conformidad a la Regla 33(a) de Procedimiento Civil, *supra*. Así, determine cuáles contestaciones y objeciones carecen de la suficiencia requerida y en consecuencia ordene su admisión o contestación emendada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones